KLIEBERT, Judge.
Bernard Luke Manale (husband) filed a petition for nullity of judgment seeking to set aside a Louisiana judgment recognizing and making executory in Louisiana a Kentucky judgment. The nullity was grounded in an alleged error of law on the part of both parties and the court. Joanne Manale Airhart (wife) filed exceptions which the trial judge sustained, thereby dismissing the husband’s suit for nullity. The husband devolutively appeals. We affirm.
The parties to this action were divorced by a Kentucky judgment dated March 19, 1974. The judgment of divorce granted custody of the children of the marriage to the wife and set child support and “permanent maintenance”. The wife filed a “Petition for Recognition of Foreign Judgment” in Jefferson Parish. Subsequently, on November 19, 1981, with the consent of both parties, the Louisiana court rendered a judgment recognizing the Kentucky judgment of divorce and its custody, child support and permanent maintenance provisions and made it the judgment of the Louisiana court. At that time and now, both parties and the children of the marriage were residing in Louisiana.
Thereafter, while being represented by a different lawyer, the husband filed an action in nullity against the Louisiana consent judgment. The only ground alleged for the action of nullity was an alleged error of law, i.e., the court and the parties were unaware the support and maintenance provisions of the Kentucky judgment were subject to modification and, hence, not a final judgment entitled to the full faith and credit of the Louisiana court. From this, the husband argues the erroneous recognition of the judgment constituted an ill-practice within the intendment of Louisiana CCP Article 2004 and, hence, a cause for setting the judgment aside. In response, the wife filed a pleading headed “Exceptions”, which urged (1) the petition discloses no cause of action and (2) husband is es-topped from bringing an action of nullity inasmuch as he consented, through counsel, to the entry of the judgment sought to be annulled.
*1180 Before arguments the separate action for nullity filed under Docket No. 264-438 was transferred and consolidated with the original action for recognition of the Kentucky judgment filed under Docket No. 257-315. At the time of the transfer, there was pending in the original action under Docket No. 257-315 a rule to make past due alimony and child support executory. Following arguments in the consolidated matter, the trial judge maintained the exception of no cause of action filed in the nullity action and dismissed the husband’s suit for nullity.
Since the issue comes to us on the maintenance of an exception of no cause of action, the question before us is not whether the Kentucky judgment could be modified, but rather, whether an error of fact such as that alleged by the husband constitutes an ill-practice within the meaning of Louisiana CCP Art. 2004. As to that question, we hold that it does not. It has been firmly established in our jurisprudence that an action for nullity cannot be substituted for an appeal. Walsh v. Walsh, 215 La. 1099, 42 So.2d 860 (1949). Perhaps the husband had a defense to making the Kentucky judgment a judgment of the Louisiana court. However, by consenting to the Louisiana judgment and failing to take an appeal from that judgment, the matter has been laid to rest. Unless judgments are given some finality, litigation would never come to an end.
Accordingly, the judgment of the trial court is affirmed. The husband is to pay all costs of the appeal.
AFFIRMED.